IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WALTER DAY,

    Plaintiff,
v.                                      CASE NO. 4:03-cv-00144-SPM-AK

PARKER T ALLIS,

    Defendant.
_____/

## O R D E R

This matter is before the Court on Plaintiff's Motion for Leave to File an amended complaint. (Doc. 52). In said motion, Plaintiff requests that Defendant Hau Huynh be dismissed from this lawsuit because Plaintiff has learned that Huynh was not the examining physician, as he asserted in his original complaint. Indeed, Defendant Huynh has filed a motion for summary judgment (doc. 44) contending that he was not even employed by Taylor Correctional Institution at the time Plaintiff alleges that he examined him. Thus, the Court grants Plaintiff's voluntary request/motion to dismiss Defendant Hau Huynh from this lawsuit.

Plaintiff also seeks leave to file an amended complaint which he has attached to his motion, wherein he asserts claims of deliberate indifference to his serious medical needs against three new Defendants (Drs. Colon, Vizcarra, and Bianco) and their employer. Attached to the proposed amended complaint are the same grievances attached to the original complaint and do not name any of the proposed new defendants. Consequently, Plaintiff has failed to exhaust administrative remedies as to these proposed new claims and as such the proposed amended complaint would be

futile.

Also, Plaintiff has failed to allege constitutional claims against these three doctors, whom he admits examined him, but failed to detect the broken jaw when they initially reviewed the x-rays. Such a claim is more properly cast as a negligence or medical malpractice claim.

Finally, his claims against the employer of these doctors would not be cognizable since supervisory personnel cannot be held vicariously liable for the actions of their subordinates, but may be independently liable if a reasonable person in the supervisor's position would have known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993). Plaintiff has not alleged that the "employer" knew anything about the actions of these doctors or was otherwise involved in the examinations and diagnoses of the Plaintiff.

Fed.R.Civ.P. 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires."   However, amendment should not be granted if the amendment would be futile:

> Amendment need not be allowed where it would be futile to add new claims. Among the reasons that the Supreme Court has recognized as warranting the denial of a motion to amend is "futility of amendment." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Jefferson County School Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir.1999).

Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n. 10 (11th Cir. 2000).  The standard for

dismissal is "unless it appears beyond doubt that the plaintiff [or in this case Defendant] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Upon review of Plaintiff's proposed amended complaint, the Court finds that it would be subject to immediate dismissal and is therefore futile.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion (doc. 52) is **GRANTED IN PART**, insofar as it seeks dismissal of Defendant Hau Huynh, and all claims against him are dismissed. The motion is **DENIED** in all other respects.

2. In light of this dismissal, Defendant Huynh's Motion for Summary Judgment (doc. 44) is **DEEMED MOOT**, and to require no further action by the Court.

**DONE AND ORDERED** this *21st* day of June, 2006

       s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**