IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WALTER DAY,

    Plaintiff,

vs.                                  CASE NO. 4:03CV144-SPM/AK

PARKER ALLIS,

    Defendant.
                          /

## O R D E R

Plaintiff has filed a civil rights complaint under 42 U.S.C. §1983 alleging that Defendant Dr. Parker Allis, a dentist, was deliberately indifferent to his serious medical needs when he was incarcerated at Taylor Correctional Institution. (Doc. 1). Defendant Allis has filed a special report (doc. 38), which has been construed as a motion for summary judgment. (Doc. 40, 59). Plaintiff was advised of the need to respond to the motion with evidentiary materials (doc. 40), but he has not filed a response.

**I.    Allegations of the Complaint (Doc. 1)**

Plaintiff alleges that he suffered injury to his jaw during a fight with another inmate on August 7, 2002. (Doc. 1, p. 7). He claims that he was isolated and denied medical care for several days, but does not name anyone whom he asked

for medical care nor does he name anyone who actually refused him medical care.  He claims that Defendant Dr. Huyhn finally examined him and read his x-ray, but Dr. Huyhn allegedly did not see that the jaw was broken and returned Plaintiff to his cell without treatment.[1]

Plaintiff's claims against Defendant Allis are that Dr. Allis delayed treatment, including surgery, of his jaw when Plaintiff was transferred to his care from North Florida Reception Center, and then performed surgery on him without pain medication and failed to prescribe pain medication after the surgery.  (Doc. 1, p. 7).

Attached to the complaint are grievances, but none of them mention Dr. Allis by name nor do they specifically complain about his delay in treating Plaintiff or the failure to administer pain medication either during or after surgery.

II.     **Standard of Review**

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case."  Nolen v. Boca Raton

---

[1] Plaintiff moved to dismiss Defendant Huynh after realizing that he had named the wrong man, which the Court granted.  (Doc. 58).  The Court also disposed of Huynh's motion for summary judgment (doc. 44), which was based on the fact that Huynh was not employed at Taylor Correctional Institution at the time of the events alleged and could not have been the examining physician referred to in the complaint.  The Court did not grant Plaintiff leave to amend his complaint to name other physicians, whom he now believed to be the correct Defendants because he had not exhausted his claims against them and the amendment would have been futile.  (Doc. 58).

Case No.: 4:03cv144-SPM/AK

Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cir. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts.  Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).   The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  Celotex, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be considered genuine, they must have a real basis in the record."  Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

    "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue

for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, *supra* at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

### III.    Defendant's Rule 56(e) evidence

#### a)    Medical Records

Medical treatment notes establish that a consultation with Dr. Allis was sought on August 28, 2002, stating: "Received a blow to face about 2 wks ago. Have been in pain since."  (Doc. 38, Exhibit A).  X-rays were taken showing a fracture and surgery was performed the next day by Dr. Allis.  (Exhibit A).  The procedures were explained to Plaintiff and he signed a consent form.  (Exhibit B). Antibiotics and Motrin for pain were administered.  (Exhibit C).  Numerous follow up examinations were conducted on September 6, 2002, September 10, 2002, September 17, 2002, and October 8, 2002.  (Exhibit D).

Case No.: 4:03cv144-SPM/AK

      b)      <u>Affidavit of Parker Allis</u>

Dr. Allis attests that he received a consultation request on Plaintiff on August 28, 2002, regarding his jaw, and Dr. Allis examined him on August 28, 2002, after he was transported to NFRC from Taylor Correctional Institution. (Doc. 36). Upon examination, he found the jaw to be fractured and obtained a consent from Plaintiff for surgery which was performed later that day under local anesthetic. (Doc. 36). A bridle wire was placed in the area for stabilization and Motrin 800 mg, and an antibiotic was prescribed, with passes for low bunk, no exercise, no work, and liquid diet were given. Plaintiff was told to report to the dental clinic or to emergency if he was in pain or had difficulty breathing or swallowing. A follow up appointment was scheduled with Dr. Scott Wenk. No reports of pain or difficulty was made by Plaintiff to Dr. Allis or his staff, and it was assumed that follow up with Dr. Wenk proceeded as scheduled.

**IV.**    **Analysis**

      a)      <u>Deliberate Indifference to Medical Needs</u>

Medical claims under the Eighth Amendment have an objective and subjective component, each of which additionally is considered to encompass two subsidiary requirements. <u>Taylor v. Adams</u>, 221 F.3d 1254, 1258 (11th Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 1077, 121 S.Ct. 774, 147 L.Ed.2d 673 (2001). The "objective component" of the Eighth Amendment standard requires a

determination whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.  See Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991).  This objective component varies with the situation and the conduct in question and is responsive to "contemporary standards of decency."  Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); see also Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).  An objectively serious deprivation requires (1) showing an objectively "serious medical need." Estelle, 429 U.S. at 104.  A serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).  In addition, an objectively serious deprivation requires (2) showing the response made by the defendant to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain" and not simply "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law. Estelle, 429 U.S. at 105-06 (internal quotation marks omitted). See Taylor, 221 F.3d at 1257; see also Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

     A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow, at

1243, quoting Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994).

To show the required subjective intent to punish the plaintiff must demonstrate that the defendant acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105.  This is defined as requiring (1) an "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists" and (2) the actual "draw[ing of] the inference." Farmer, 511 U.S. at 837. In sum, in a claim of denial of medical attention under the Eighth Amendment "[u]ltimately, there are [] four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor, 221 F.3d at 1258.

Plaintiff has failed to come forward with any evidentiary materials to show that Dr. Allis was deliberately indifferent to his medical needs. The evidentiary material submitted by Dr. Allis shows that he was first consulted on Plaintiff's dental problems on August 28, 2002, that he examined him upon his arrival at NFRC the next day, and that he performed surgery later that same day.  Local anesthesia was given to him during the surgery, and a pain reliever administered afterwards.  Dr. Allis attests that he did not do any follow up with Plaintiff, and the medical records support that Dr. Scott Wenk examined him several times after

Case No.: 4:03cv144-SPM/AK

the surgery with no noted complaints of pain or discomfort nor did Plaintiff make requests for additional pain medication which were ignored. Thus, there is no factual support for the claims asserted against Dr. Allis, and the claims are hereby dismissed.

    b) <u>Exhaustion</u>

None of the grievances submitted with the complaint assert any claims related specifically to Dr. Allis. He is not mentioned by name nor are there sufficient facts regarding the general claims of "delay" and denial of care to adequately identify Allis as the person alleged to have denied or delayed care. Section 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory, and may not be waived. <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1326 (11th Cir. 1998). Thus, the claims against Allis are hereby dismissed for failure to exhaust.

Accordingly, it is

**ORDERED:**

1. Defendant Parker Allis' motion for summary judgment (doc. 38, 59) is **GRANTED.**

Case No.: 4:03cv144-SPM/AK

  **2.** This cause is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim and for failure to exhaust administrative remedies.

  **DONE AND ORDERED** this <u>25th</u> day of September, 2006.

        *s/ Stephan P. Mickle*
        Stephan P. Mickle
        United States District Judge

Case No.: 4:03cv144-SPM/AK